BEATRICE GAYLORD ET AL. v. B. M. LOUGHRIDGE.

1. EXPRESS LIEN FOR MATERIAL USED ON HOMESTEAD.—An instrument executed by the husband and designed to create an express lien for money advanced for the purchase of materials used in the construction of the homestead, of date August 30, 1872, is, after the death of the husband, of no effect as against the widow and children of the maker as a lien upon the homestead.
2. MECHANIC'S LIEN—STATUTE CONSTRUED.—The mechanic's lien law (Paschal's Dig., art. 7112) does not protect a loan of money made and used for the purchase of material used. It protects any person furnishing material entering into the construction of the house.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

The facts sufficiently appear in the opinion.

*A. B. Peticolas,* for appellant.—R. M. Loughridge, the plaintiff, was not a "person, firm, artisan, or mechanic who had labored, furnished materials, machinery, fixtures, or tools to erect any house or improvement," but he was one who had merely loaned money to be used in the purchase of materials; and as the mechanic's lien is not created by contract, but is created by the operation of the law upon a certain state of facts, plaintiff had no lien upon lot 2 in block 116 under any law; nor was the contract between Gaylord and Loughridge of the 30th of August, 1872, such a contract as could, by being recorded, fix a lien. (Acts 2d Sess. 12th Leg., 28; Malone *v.* Kaufman, 38 Tex., 454; Godeffroy *v.* Caldwell, 2 Cal., 489; Tinsley *v.* Boykin, 46 Tex., 592; Duncan *v.* Bateman, 23 Ark., 327.)

The property upon which the lien was sought to be fore-closed being on August 30, 1872, and as early as April 1, 1872, the homestead of E. H. Gaylord and family, was not subject to forced sale to pay this debt, without a privy examination and separate acknowledgment of the wife to the written instrument which created the lien. (Const. 1870, art. 12, sec. 15; Warren *v.* Smith, 44 Tex., 246.)

*Glass & Callender,* for appellee.

I. While it is true that plaintiff below did not furnish materials in person, he did furnish them through Gaylord, who was intrusted with plaintiff's money for that purpose alone, and thus became plaintiff's agent in furnishing the materials; and this gave plaintiff a lien. (Act of November 17, 1871, sec. 1.)

The statute prescribes no form of contract, and the contract filed was sufficient under the law.

II. The homestead of Gaylord was liable to forced sale for debts "for the purchase thereof," or "for labor and materials expended thereon"; and said homestead being community property, the assent of the wife was not necessary to the creation of a lien thereon for labor and materials used in construction of the house. (Const. 1869, art. 12, sec. 15; Pope *v.* Graham, 44 Tex., 196.)

III. Loughridge was not entitled to the lien given by statute to those who furnish materials and labor. He was, nevertheless, by virtue of the contract with Gaylord and the facts in the case, entitled to a lien on the homestead "for labor and materials expended thereon," which could be enforced against said homestead.

The homestead was community property. Gaylord being unable to finish the building of his house without more lumber, and being unable to get lumber without money, applied to Loughridge, who advanced money upon the express understanding that it should be used to obtain lumber to finish the house; and it was so used. Gaylord repaid

part of the money and executed for the balance ($300) his note, with this clause added to it: "Being money advanced me for construction of my dwelling-house, in purchase of materials and payment of labor on same, and which constitutes a lien on same until paid." (Const. 1869, art. 12, sec. 15; Pope *v.* Graham, 44 Tex., 196; Flanagan *v.* Cushman, 48 Tex., 241; Godeffroy *v.* Caldwell, 2 Cal., 489.)

IV. The later and better doctrine of the courts is, that laws giving liens on buildings, &c., for labor and materials furnished to construct them, should be liberally—not strictly—construed; and that a lien may be good against the owner when it would not be good against third parties. (DeWitt *v.* Smith, 63 Mo., 263; Tuttle *v.* Montford, 7 Cal., 358.)

BONNER, ASSOCIATE JUSTICE.—This suit was instituted by R. M. Loughridge against Beatrice Gaylord, surviving wife of E. H. Gaylord, deceased, and their children, upon the following instrument in writing:

"VICTORIA, TEX., *August 30,* 1872.

"On or before the 30th day of March, A. D. 1873, I promise to pay to the order of Rev. R. M. Loughridge the sum of $300 currency, being money advanced me for construction of my dwelling-house, in purchase of materials and payment of labor on same, and which constitutes a lien upon the same until paid, with interest at ten per cent. from date.

.  (Signed,)                          E. H. GAYLORD."

This instrument, with a description of the property upon which a lien was claimed, was filed for record, and a lien sought to be enforced under the provisions of the act of Nov. 17, 1871, (Paschal's Dig., art. 7112,) entitled "An act to provide for and regulate mechanics', contractors', builders', and other liens in the State of Texas."

It was in testimony that the property, although community, constituted the homestead of the family; that the above instrument was for an unpaid balance of $650, borrowed from the plaintiff by E. H. Gaylord April 2, 1872, to pay for lum-

ber with which to complete the homestead dwelling, and that it was so invested.

E. H. Gaylord having subsequently died without payment, this suit was brought to enforce an alleged lien on the property for material furnished in erecting the building. Judgment was rendered for the plaintiff, that $330.55 remainder was due, and enforcing a lien on the building and lot.

Before disposing of the question of the statutory lien for materials furnished, we will dispose of that of the express lien given by the terms of the contract, as it is insisted in argument that the husband alone had the right to thus incumber the homestead for money with which to improve it.

It has always been the settled policy of Texas, and which has been incorporated into her several Constitutions, to prohibit the voluntary alienation or incumbrance of the homestead, as such, by the husband alone, without the consent of the wife in such manner as the Legislature may provide.

Although this restriction has been relaxed in favor of vendor's liens, upon the principle that the title was not acquired until the purchase-money had been paid, yet we are not aware that any case has gone to the extent to give the right to the husband alone, without the consent of the wife, to subject the homestead to forced sale to satisfy a lien for material used in its improvement. It is not believed that this was given by that clause of section 15 of article 12 of the Constitution of 1869, then in force, which provided for a forced sale of the homestead for "labor and materials expended thereon"; but that this was intended, as held in Campbell v. Fields, 35 Tex., 754, simply to enlarge the scope of the lien, by adding to the old law a new subject upon which to operate. It may be remarked, that under section 50 of article 16 of the Constitution of 1876, now in force, this construction is placed beyond doubt by express enactment.

We are of opinion, then, that the instrument by its terms did not create an express lien, for want of power in the hus-

band alone, without the consent of the wife, given as required by statute, to incumber the homestead.

Did the plaintiff have this lien under the facts of his case as applied to the laws then in force ?

Section 47 of article 2 of the Constitution of 1869 provides that " mechanics and artisans of every class shall have a lien upon the articles manufactured or repaired by them for the value of their labor done thereon or materials furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

The statute is more comprehensive, but it embraces a legitimate subject-matter, in regard to which the Legislature was neither expressly nor necessarily impliedly restricted by the terms of the Constitution.

So much of the statute as is necessary for this opinion is as follows: " Any person or firm, artisan or mechanic, who may labor, furnish material, machinery, fixtures, and tools to erect any house improvement, or to repair any building or article, or any improvement whatever, shall have a lien on such article, house, building, fixtures, or improvements, and shall also have a lien on the lot or lots, or land necessarily connected therewith, to secure payment for labor done, material and fixtures furnished for construction or repairs." (Paschal's Dig., art. 7112.)

The mechanic's or builder's lien on real estate did not exist at common law.   (Pratt *v.* Tudor, 14 Tex., 39.)

To entitle a party to this character of lien under the statute, he should both have been embraced within its terms and have substantially complied with its provisions.  (Tinsley *v.* Boykin, 46 Tex., 592.)

In the case of Godeffroy *v.* Caldwell, 2 Cal., 491, it is held, that "the mechanic's lien law provides exclusively for the security of material-men and laborers; and one who advances money as a loan, although expressly for the payment of materials and labor devoted to the erection of the building, can have no claim to the benefit of the law."

37

In Duncan v. Bateman, 23 Ark., 327, under a statute which gives a lien to "all artisans, builders, and mechanics," it was held, that "a man who sells lumber for a house has no lien upon it, any more than a merchant who sells nails to be used in the building, and that neither has a lien because the statute does not give it to him." To the same effect is Bouter v. Kent, 23 Ark., 389.

The equitable lien of the vendor of land, does not extend to one who simply advances the money to the purchaser to release the land from the incumbrance. (Malone v. Kaufman, 38 Tex., 454.)

The statute under consideration seems sufficiently broad to embrace any person who might furnish material, yet the evident intention of the Legislature in the use of this term was to include some character of material which entered into the structure of the building and formed a component part of it, and not a loan of money with which to purchase the same.

We think the court below erred in deciding that the plaintiff was entitled to a lien on the property, and the judgment is reversed.

REVERSED AND REMANDED.