VAN CALVERT & Co. v. ALBERT McKINNEY ET AL.

(No. 3090.)

LIEN, MECHANIC'S.— Article 7112, Paschal's Digest, construed; paints furnished to construct a building. *Held*, parties could fix mechanic's lien by complying with said article.

SAME — PURCHASERS SUBJECT.— Under said article a lien might be enforced against parties purchasing the property within six months given to perfect lien, although purchasing prior to the recording of lien.

APPEAL from Collin county.   Opinion by DELANEY, J.

STATEMENT.— This suit was filed June 30, 1875, by appellants against Thomas P. Atkinson and Peter W. Walton, Jr., late partners under the firm name and style of T. P. Atkinson & Co., alleging that on the 31st of October, 1874, plaintiffs sold to said firm a quantity of paints to be used upon their hotel in the town of Plano, in Collin county, known as the Durand Hotel, and that the paints so furnished were so used by said firm.   That the value of the paints so furnished was $74.75, and that defendants agreed to pay for said paints the said sum with interest at eight per cent. per annum ninety days after delivery, but had failed and refused to do so.   That plaintiffs had fixed and secured their lien upon said hotel and the lots upon which it is erected by making a duplicate copy of the bill of particulars under oath and delivering one to the clerk of the district court of Collin county, which was duly filed and recorded on the 25th of June, 1875, and that on the same day the other copy was duly served upon W. P. Walton, Jr., one of the members of said firm, by the sheriff of Collin county.   That on the 31st of March, 1875, defendant Atkinson conveyed his interest in the hotel and lots to Albert and Charles McKinney, and on the 27th of March, 1875, defendant Walton conveyed his interest in the same property to one J. A. P. Travis, all of whom are made defendants.

Prayer for judgment for the amount of the claim and for the enforcement of the lien, for general relief, etc. Annexed as an exhibit was an account duly sworn to under the statute, and also a certificate of its registration, together with the sheriff's return of service of the duplicate upon defendant Walton.   July 21, 1875, defendant Travis answered by demurrer, setting up that the allegations in the petition were not sufficient to sustain the lien, and a general denial.   July 27, 1875, a similar answer was filed by defendants Charles and Albert McKinney.   Defendants

Atkinson and Walton made default. On the 6th of January, 1876, the court sustained the demurrer of the defendants Charles and Albert McKinney to the petition of plaintiffs, and adjudged that they go hence without day and recover their costs of plaintiffs; but judgment by default against the defendants Atkinson, Walton and Travis for the debt, interest and costs, but without foreclosure as to Travis. To the ruling of the court sustaining the demurrer plaintiffs excepted and gave notice of appeal. Appeal bond filed July 11, 1876.

It is probable that the judgment by default was rendered against Travis by mistake. The record sustains his answer, comprising a demurrer to the petition and a general denial in almost the same terms as the answer of his co-defendants, the McKinneys. The judgment is rendered against him for the debt and interest, though he was not a party to the purchase of the paints, and was made a party to the suit only in order to obtain a foreclosure of the lien set up in the petition upon the building and lots.

OPINION.— It appears from the brief of appellants that the court below sustained the demurrer upon two grounds: 1. That appellants do not come within the description of persons to whom the lien is given by the act of November 17, 1871. P. D., art. 7112. 2. That the McKinneys and Travis purchased before the lien was fixed; that they were innocent purchasers, and as to them the lien has no effect.

Both these questions seem to be decided adversely to this view in the cases of Gaylord v. Loughridge and Huck v. Gaylord, 50 Tex., 573 and 578.

REVERSED AND REMANDED.