## VANE, CALVERT & CO. v. ALBERT McKINNEY ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Mechanic's lien—Art.* 7112 *P. D. construed—Paint.*—Persons furnishing
paints used in the construction of a building were entitled to a mechanic's
lien under article 7112 Paschal's Digest, upon complying with its require-
ments.

*Same—Purchasers of property subject to lien.*—Under said article, a lien might
be enforced against parties purchasing the property within the six months
given within which to perfect such lien, although purchasing prior to the re-
cording of the lien.

Appeal from Collin county—Knox Lee for appellants.

Opinion by Delaney, J.—This suit was filed June 30, 1875, by
appellants against Thomas P. Atkinson and Peter W. Walton, jr.,
late partners, under the firm name and style of T. P. Atkinson &
Co., alleging that on the thirty-first day of October, 1874, plaintiffs
sold to said firm a quantity of paints to be used upon their hotel in
the town of Plano, in Collin county, known as the Durand Hotel,
and that the paints so furnished were so used by said firm. That
the value of the paints so furnished was $74.75, and that defend-
ants agreed to pay for said paints the said sum, with interest at
eight per cent per annum, ninety days after delivery, but had failed
and refused to do so. That plaintiffs had fixed and secured their
lien upon said hotel and the lots upon which it is erected, by mak-
ing a duplicate copy of the bill of particulars under oath, and de-
livering one to the Clerk of the District Court of Collin county,
which was duly filed and recorded on the twenty-fifth day of June,
1875, and that on the same day the other copy was duly served
upon P. W. Walton, jr., one of the members of said firm, by the
sheriff of Collin county. That on the thirty-first day of March,
1875, defendant Atkinson conveyed his interest in the hotel and
lots to Albert and Charles McKinney, and on the twenty-seventh
day of March, 1875, defendant Walton conveyed his interest in the
same property to one J. A. P. Travis, all of whom are made de-
fendants.

Prayer for judgment for the amount of the claim, and for the enforcement of the lien, and for general relief, etc.

Annexed, as an exhibit, was an account duly sworn to under the statute, and also a certificate of its registration, together with the sheriff's return of service of the duplicate upon defendant Walton.

July 21, 1875, defendant Travis answered by demurrer, setting up that the allegations in the petition were not sufficient to sustain the lien, and a general denial. July 27, 1875, a similar answer was filed by defendants Charles and Albert McKinney.

Defendants Atkinson and Walton made default. On the sixth of January, 1876, the court sustained the demurrer of defendants Charles and Albert McKinney to the petition of plaintiffs, and adjudged that they go hence without day and recover their costs of plaintiffs. But judgment by default against the defendants Atkinson, Walton and Travis for the debt, interest and costs, but without foreclosure as to Travis. To the ruling of the court sustaining the demurrer plaintiffs excepted, and gave notice of appeal. Appeal bond filed July 11, 1876.

It is probable that the judgment by default was rendered against the defendant Travis by mistake.

The record sustains his answer, comprising a demurrer to the petition and a general denial in almost the same terms as the answer of his co-defendants, the McKinneys.

The judgment is rendered against him for the debt and interest, though he was not a party to the purchase of the paints, and was made a party to the suit only in order to obtain a foreclosure of the lien set up in the petition upon the building and lots.

Appellees have not furnished us with either brief or argument; but it appears from the brief of appellants that the court below sustained the demurrer upon two grounds:

1. That appellants do not come within the description of persons to whom the lien is given by the act of November 17, 1871, "To regulate mechanics', contractors', builders' and other liens." (P. D., art. 7112.)

2. That, although the claim was rendered so as to fix the lien within six months from the maturity of the debt, still, as the McKinneys and Travis purchased before the lien was fixed, they are innocent purchasers, and as to them the lien cannot take effect.

Both these questions seem to be decided adversely to this view in the cases of Gaylord v. Loughridge and Huck v. Gaylord, 50 Texas, 573 and 578.

Our opinion is that the judgment should be reversed and the cause remanded.

Report of Commissioners of Appeals examined, their opinion adopted, the judgment reversed and cause remanded.  GOULD, C. J.