LION BONDING & SURETY CO. v. FIRST STATE BANK OF PARIS et al.

(No. 1774.)

(Court of Civil Appeals of Texas. Texarkana. April 3, 1917. Rehearing Denied May 17, 1917.)

1. SUBROGATION ⊕=23(1) — ADVANCES — LIABILITY ON CONTRACTOR'S BOND.

A bank lending money to a street improvement contractor could not claim by subrogation the rights of materialmen against the contractor's surety solely because the money loaned was used to pay such claims.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 60.]

2. MUNICIPAL CORPORATIONS ⊕=347(2) — STREET IMPROVEMENTS—CONTRACTOR'S BOND —PERSONS SECURED.

Under a street improvement contractor's bond which provided that any laborer, materialman, etc., or any other person having any claim against the contractor growing out of the prosecution of the work, or any person injured or whose property was injured by the faulty construction of the work, or any person having a claim of any character whatsoever "by reason thereof," should have the right to sue thereon, a bank lending money to the contractor had no claim against the surety, though the contractor represented that the money would be used for labor and material, without, however, obligating itself to so use it, as it was neither a materialman nor a party whose claim grew out of the prosecution of the work, while the words "by reason thereof," as used in referring to the third class of claimants, referred to claims resulting from the faulty construction of the work or from its prosecution.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 877.]

3. MUNICIPAL CORPORATIONS ⊕=375—STREET IMPROVEMENTS—ACTIONS—JUDGMENT.

In an action to which a city, a street improvement contractor, and its surety were parties, a judgment allowing the city to retain money due the contractor for five years as a maintenance fund in lieu of a maintenance bond, which was not in such form as to permit any unused portion of the fund to be recovered by the party entitled thereto at the end of the five-year period, should be modified so as to protect that right.

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Action by the First State Bank of Paris against the Lion Bonding & Surety Company and others. From the judgment the defendant named appeals. Judgment reformed.

Thomas, Milam & Touchstone, of Dallas, and Long & Wortham, of Paris, for appellant. Wright & Patrick, M. H. Baughn, Fred Dudley, and A. Park, all of Paris, Head, Dillard, Smith, Maxey & Head, of Sherman, and Coke & Coke, and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, for appellees.

HODGES, J. In February, 1914, R. D. Moxley & Co., a partnership composed of R. D. Moxley and T. J. O'Donnell, entered into a contract with the city of Paris by which they agreed to pave Pine Bluff street, in that city, with asphalt macadam, according to certain detailed plans and specifications. At the time this contract was signed Moxley & Co. also executed a bond in the sum of $22,787, with the appellant, Lion Bonding & Surety Company, as its surety, by which the city of Paris was to be indemnified against any loss resulting from the failure of Moxley & Co. to perform their contract according to its terms. The bond also contained stipulations which bound the surety company for the payment of certain claims held by third parties who had furnished material or labor to Moxley & Co. in the prosecution of the work. In April, 1914, the contractors began the work of construction, and continued till October following, when the street was turned over to the city for use. During the progress of the work numerous debts were contracted by Moxley & Co. for labor and material furnished, some of which were left unpaid when the work was terminated. Soon after executing their contract and bond Moxley & Co. applied for and received from the appellee the First State Bank a loan of $7,500, for which they executed their note. Moxley & Co. at the same time, and as security for the loan, executed to J. W. Hardison, cashier of the bank, a power of attorney authorizing him to collect from the city of Paris all of the sums of money then due or thereafter to become due to Moxley & Co. under the terms of their contract. This power of attorney was promptly filed with the city secretary. Some time later other loans were made to Moxley & Co. by the bank, a portion of which was repaid. This suit was instituted by the bank against Moxley & Co. and appellant as its surety on the bond above mentioned to recover the sum of $9,793.31, which, it is alleged, is the balance due upon the indebtedness held by the bank. The city of Paris was afterwards made a party to the suit, upon the ground that it still had in its hands funds belonging to Moxley & Co. in which the bank had an interest by assignment. Various other parties having small claims against Moxley & Co. for labor and material were also impleaded. The bank pleaded the contract of Moxley & Co. with the city to do the street paving, and the bond given to secure the performance of that contract, and especially those provisions by which Moxley & Co. and the surety company obligated themselves to pay all claims of any character against Moxley & Co. growing out of the prosecution of the work; it also pleaded the execution of the notes for the loans made to Moxley & Co., and the balance due upon those obligations. The city of Paris pleaded its contract with Moxley, and alleged that the contract had not been fully complied with, that the paving was defective, and that it would require $1,000 to complete the work according to the original contract. The city admitted that it still had in its hands $3,093.25 due Moxley & Co. upon the final estimate, and the further sum of $3,430.87 held

under the terms of its contract as a reserve fund. The city also pleaded certain stipulations of the contract with Moxley & Co. whereby it had the option of retaining 10 cents for each square yard of paving as a maintenance fund for a period of five years in lieu of a maintenance bond. It was further alleged that the pavement covered 14,100 square yards, and a judgment was asked for the $1,000 damages, and that the city be permitted to retain $1,410 as a maintenance fund for the term of five years. The balance held by the bank was tendered into court to be disposed of as the court might deem proper. Judgment was rendered in favor of the bank against Moxley & Co. and the appellant surety company for the full amount of its claim, and in favor of the city for $1,000 as damages, and for $1,410 as a maintenance fund. Judgments were also rendered against Moxley & Co. and the appellant for numerous small claims held by laborers and materialmen, about which there is now no controversy. The surety company alone has appealed, and assigns error to that part of the judgment against it in favor of the bank and that portion in favor of the city for $1,000 as damages and $1,410 awarded to it as a maintenance fund.

The first group of assigned errors are those which complain of judgment in favor of the bank against the appellant. It is contended that the court erred in refusing to sustain a general demurrer to the petition of the bank, and also erred in rendering judgment upon the ground that neither the pleadings nor the evidence disclosed any liability on the part of the surety company to the bank for the indebtedness claimed against Moxley & Co. It appears from the briefs of counsel that the bank, in undertaking to hold the surety company liable on its bond for the claim sued on, relies upon the following provisions of the bond:

"And it is expressly agreed that this bond is intended as an indemnity to the city of Paris against the claims of every person in any manner connected with said work and in any manner injured thereby, and that any laborers, materialmen, mechanics, artisans, property owners or any other person having any claim against the principal growing out of the prosecution of this work, or any person who is injured or whose property is injured by the faulty construction of said work, *or any person having a claim of any character whatsoever by reason thereof, which said principal shall fail or refuse to pay, shall have the right, to sue for and recover therefor of the surety on this bond in any court in Lamar county having jurisdiction of the amount,*" etc.

The liability of the surety company for the indebtedness of Moxley & Co. for the money borrowed depends upon what construction should be placed upon those provisions of the contract above quoted. It is evident that the bond was given as a substantial compliance with the act of 1913, p. 185, which is found in chapter 3 of title 113, Vernon's Sayles' Revised Civil Statutes. The bond, however, is more comprehensive than the statute requires, and the bank undertakes to justify its suit upon the ground that its debt comes within those terms of the bond which exceed the statutory requirements, and which create a mere common-law liability.

There was evidence sufficient to justify the conclusion that the first loan to Moxley & Co. was made at or about the time work on the street was commenced, and that the money obtained was used by Moxley & Co. in paying for the required labor and material. It was also shown that at the time this loan was applied for Moxley & Co. represented to the officers of the bank that the money they wished to borrow would be used for that purpose, and referred to the bond here sued on as security to which the bank might look for repayment. But there was no evidence that the surety company had any notice of those representations or of the dealings between Moxley & Co. and the bank.

The greater portion of the enumerated conditions in the bond are those which are designed to indemnify the city of Paris against loss or damages resulting from a failure to perform the contract and from the claims of third parties. If the bank may demand payment from the surety company that right must be found in the extract quoted above. Excluding the city of Paris, the beneficiaries of the bond may be grouped as follows: First, any laborers, materialmen, mechanics, artisans, property owners or any other persons having any claim against the principal growing out of the prosecution of said work; second, any person who is injured, or whose property is injured, by reason of the faulty construction of said work; third, any person having a claim of any character whatsoever by reason thereof.

[1, 2] As a mere lender of money, the bank cannot claim to be a materialman; neither can it claim by subrogation the rights of materialmen solely upon the ground that the money loaned was used to pay those claims. Gaylord v. Loughridge, 50 Tex. 573; Int. B. & L. Asso. v. Fortassain, 23 S. W. 496; First Nat. Bank v. Campbell, 24 Tex. Civ. App. 160, 58 S. W. 628. Its debt is not a claim which resulted from the prosecution of the work, for most of the debt originated before the work was commenced, and rested upon conditions wholly independent of the prosecution of the work. The obligation of Moxley & Co. to repay the loan was unaffected by the use they made or might make of the money borrowed. While Moxley & Co. represented that the money would be used in the purchase of labor and material called for in their contract, they did not obligate themselves to so use it. They had a perfect right, in so far as the bank was concerned, to apply the money to any other purpose they saw proper. It is therefore clear that this debt did not grow out of the prosecution of that particular work. It is equally clear that the bank is not included in the second

class of claimants above referred to. The words "by reason thereof," as used in the third group, refer to claims resulting either from the faulty construction of the work or from the prosecution of the work. Since the bank's debt belongs to neither of these classes, it is not within the third group.

The case of Puget Sound Bank v. Gallucci, 82 Wash. 445, 144 Pac. 698, Ann. Cas. 1916A, 767, is referred to by counsel for appellee as authority in its favor. We have carefully examined that case, and find that the language employed in the bond there involved is more comprehensive than that relied upon in this case, and for that reason the two cases are distinguishable.

We therefore conclude that the appellee bank neither alleged nor proved facts sufficient to authorize the judgment rendered in its favor against the surety company on its bond in this suit.

[3] The judgment in favor of the city for the maintenance fund of 10 cents per square yard, aggregating $1,410, is not in such form as will permit any unused portion thereof to be recovered by the party entitled to it at the end of the five-year period. If any portion of that fund should remain, the surety company would be entitled to it under its contract with Moxley & Co. That portion of the judgment should be modified so as to protect that right. The remaining assignments of error are overruled.

The judgment of the trial court will be reformed in accordance with the conclusions here announced.