## INDEMNITY INS. CO. OF NORTH AMERICA v. SOUTH TEXAS LUMBER CO.

### No. 1376—5540.

Commission of Appeals of Texas, Section A.
June 25, 1930.

Baker, Botts, Parker & Garwood, Y. D. Mathes, and S. H. German, all of Houston, for plaintiff in error.

Platt, West & Stevenson and J. A. Platt, all of Houston, for defendant in error.

HARVEY, P. J.

On March 21, 1925, A. E. Quay entered into a building contract with the city of Houston to construct certain public improvements and to furnish the material for said work. The city required Quay to give a bond containing stipulations hereinafter set out. The bond was given with Quay as principal and the Indemnity Insurance Company of North America, the plaintiff in error, as surety. The work was completed according to the contract, and final settlement of the contract was had between the city and Quay in June, 1925. No suit on the bond has ever been instituted by the city. The present suit was brought on the bond by the defendant in error, the South Texas Lumber Company, on April 8, 1927, against Quay, as principal, and the insurance company, as surety, to recover the purchase price of material furnished by the lumber company to Quay in the prosecution of said work. The bond contains the following provision:

"The said contractor and surety on this bond further obligate and bind themselves that they shall promptly make payment to all persons, firms or corporations supplying the contractor and any sub-contractor under said contract with labor or material, or both, in the prosecution of said work covered by said contract.

"Now, therefore, if the said contractor and subcontractor under him shall faithfully and strictly perform said contract in all its terms, provisions and stipulations, in accordance with its true meaning and effect, and in accordance with the plans and specifications referred to therein, and if the said contractor and the surety on this bond shall promptly make payments to all persons, firms or corporations supplying the contractor, and all sub-contractors under said contract, with

labor or material, or both, in the prosecution of said work, then this obligation shall become null and void and shall have no further force and effect; otherwise the same is to remain in full force and effect and the said sum shall be payable at Houston, Texas, to the said City of Houston, and all other persons, firms and corporations to whose benefit this bond inures, on demand. It is also understood and agreed that the provisions of this bond shall inure to the benefit of any person, firm or corporation who may furnish to the contractor, or sub-contractor under him, labor or material, or both, for the performance of said contract."

Among other defenses, the plaintiff in error pleaded limitation of one year, under article 5162 of the statutes. By supplemental petition the lumber company answered this plea of limitation as follows:

"By way of special answer to Paragraph 111 of said defendant's answer on file herein, this plaintiff says that the one year statute of limitation is not applicable to this cause, for the reason that the bond and obligation sued on herein is not a statutory bond as shown by the terms and various provisions thereof; that by the terms of said bond the said defendant promised and obligated itself to fully indemnify and save harmless this plaintiff from any loss whatsoever on account of the sales of materials and merchandise made by this plaintiff to said defendant A. E. Quay, including reasonable attorney's fees and other expenses, which is not a requirement of the statute. That said bond also contains other provisions, conditions and obligations on the part of each of said defendants, which clearly shows it not to be merely a statutory bond, and therefore the one year statute of limitation which said defendants seek to invoke in this cause is not applicable, but this cause is governed by the law and rules applicable to written contracts and will not be barred until four years from the maturity of the obligation."

Upon trial of the case, the trial court rendered judgment for the lumber company against both defendants. The insurance company alone prosecuted an appeal, and the judgment was affirmed by the Court of Civil Appeals. 19 S.W.(2d) 913. The insurance company was granted the writ of error.

There is no dispute as to the facts. The sole question for determination is whether or not the facts alleged in the supplemental petition of the lumber company render the provisions of article 5162 inapplicable to the company's suit.

Article 5160 of the statutes provides that any person entering into a formal contract with a city, for the prosecution and completion of any public work "shall be required, before commencing such work, to execute the usual penal bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract." This article further provides that any such laborer or materialman shall have the right to intervene in any action instituted by the city on the bond, and have his rights and claims adjudicated in such action and judgment rendered thereon, "subject, however, to the priority of the claims and judgment of the * * * municipality." And further provides that, "if the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the * * * municipality, the remainder shall be distributed pro rata among said interveners." Article 5161 provides that, if no suit is brought by the municipality "within six months from the completion and final settlement of said contract," the laborer or materialman, upon complying with specified requirements, shall be furnished by the city "a certified copy of said contract and bond, upon which he or they shall have a right of action for his or their use and benefit, against said contractor and his surety, and to prosecute the same to final judgment and execution." Article 5162 provides that, "when suit is instituted by any creditor on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later. * * * Where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contractor and not later." Article 5163 provides that, "if the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery, subject to the provisions in the first article of this chapter [article 5160] giving to the * * * municipality the right of priority in the proceeds of such judgment."

Granting for present purposes that, independently of the above statutes, and in spite of them, a cause of action accrued to the lumber company on the bond, as a common-law bond, it by no means follows that the company has any other remedy than as prescribed in these statutes. As a general rule, where the statutes give a remedy for the enforcement of an independent right, the remedy thus given is regarded as cumulative of other existing remedies. But this rule has no application in case the statutes, which

create the given remedy, clearly imply a negation of other remedies. Thouvenin v. Rodrigues, 24 Tex. 479; Montel v. Consolidated Coal Co., 39 Md. 164; 1 Tex. Jur. 688; 1 C. J. 988 et seq.

■ The above statutes clearly imply that the remedy there accorded to the materialman, to enforce his cause of action arising under a bond such as the one here involved, whether the bond be regarded as a statutory bond or not, is exclusive, and that his action on the bond is to be subject to the provisions of these statutes. The purpose of the Legislature to give, as it has done, prior rights to the city, in respect to bonds of this sort, would be exposed to defeat if other different remedies not subject to these statutes were left available to any of the beneficiaries of the bond, other than the city. All of these statutes were originally passed at the same time and by the same act. All the terms of the act must be taken and construed together in arriving at the intent of the act in any given respect. When the act is so construed, it becomes manifest that the Legislature intended to regulate any right of action which might accrue to a materialman, under any bond taken by a city with reference to a contract let for the construction of public improvements, regardless of whether such right of action accrue to the materialman as an obligee in virtue of the provision in his behalf which is required by article 5160 to be incorporated into the bond, or whether such right of action accrue to him merely as beneficiary of obligations due the city on the bond as a contract under the common law. There is such a degree of repugnance between various provisions of the act and some of the general rules relating to cases growing from contracts, as clearly to imply a purpose on the part of the Legislature to render subject to the provisions of these statutes, without regard to the features of a common-law obligation which the bond might bear, any suit brought by a materialman on a bond taken by a city in a transaction of this sort.

■ We conclude that the suit of the defendant in error against the plaintiff in error is barred by article 5162 of the statutes.

We therefore recommend that the judgment of the trial court, in so far as it is against A. E. Quay, be affirmed, that in all other respects the judgment of the trial court and that of the Court of Civil Appeals affirming same be reversed, and that judgment be here rendered for the plaintiff in error.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are in part affirmed and in part reversed and rendered in favor of the plaintiff in error, as recommended by the Commission of Appeals.