# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 26, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-244

Re: Does a State Department relinquish control of property when it requests deletion from the inventory records?-- and related questions.

Dear Mr. Calvert:

Your request for an opinion from this office reads in part as follows:

"The Special Provisions of Article III, Section 8 of House Bill #140, 54th Legislature reads in part as follows:

"'There is hereby appropriated to any State Agency selling or transferring surplus property pursuant to Article 666, Revised Civil Statutes of Texas, as amended, all proceeds of such sales or transfers ***'

"Article 666, Vernon's Civil Statutes as amended reads in parts as follows:

"'All personal property belonging to the State, regardless of where it is located, under the control of any State Agency, *** when it has become unfit for use, or be no longer needed, shall be placed under the jurisdiction of the State Board of Control, and the State Board of Control may sell such property ***'"

Your opinion request quotes at length from Article 6252-6, Vernon's Civil Statutes, the title to said Act being:

"An Act providing for the accounting and responsibility for and use of State property possessed by State Department, agencies, boards and instrumentalities; and declaring an emergency."
Acts 52nd Legislature, 1951, chapter 356, page 602.

Without setting forth the provisions of Article 6252-6, you are advised that said Act is not applicable to Article 666, Vernon's Civil Statutes, and does not provide for a determination by the Comptroller of what is to be considered "personal property", for the purposes of Article 666, Vernon's Civil Statutes.

In addition to that portion of Article 666, Vernon's Civil Statutes, which you quote in your letter of request, there are two other sentences, within the paragraph from which your excerpt was taken, which are pertinent to the questions you raise.  These sentences read as follows:

". . . The money derived from the sale of such property, less the expenses of advertising the sale, shall be deposited in the State Treasury, to the credit of the appropriation of the State Agency which transferred such property to the State Board of Control for disposition.  The credit to the appropriation of such State Agency shall be made to the appropriation for such State Agency from which such property could be purchased."

In the interest of brevity we shall hereafter quote each numbered question set forth in your request, and immediately thereafter discuss and advise you of our answer to said question.

"(1)  Does the department relinquish control of the property when they request deletion from their inventory records and the Board of Control has approved the deletion and the property section of this office has cleared their records of the property?"

The word "control" has no legal or technical meaning, and, where used in a statute, must be given such an interpretation as the Legislature intended it to have, to be ascertained from the connection in which it is used, the act in which it is found, and the legislation of which it forms a part.  Coal & Coke Ry. Co. v. Conley, et al, 67 W.Va. 129, 67 S.E. 613 (1910); Robinson et al. v. Kistler, 62 W.Va. 489, 59 S.E. 505 (1907).

Article 666, Vernon's Civil Statutes, provides a statutory procedure for disposition of personal property belonging to the State by the Board of Control.  When a State Agency transfers personal property to the jurisdiction of the Board of Control for disposition and such property is deleted from the inventory records of the transferring agency, Article 666 in plain

and unambiguous language requires that the money derived from the sale of such property, less the expenses for advertising the sale, shall be deposited in the State Treasury to the credit of the appropriation of the transferor.

A construction which will probably result in confusion or conflict should not be adopted unless necessary from the plain language of the act. Shipley v. Floydada Independent School District, 250 S.W. 159 (Comm.App. 1923). We can find no such necessity in regard to the language of Article 666.

All terms of an act must be taken and construed together in arriving at intent of the act in any given respect. Indemnity Ins. Co. of North America v. South Texas Lumber Co., 29 S.W.2d 1009 (Comm.App. 1930).

Although the property may be placed under the jurisdiction of the Board of Control, such property may still be traced to the transferor department.

Accordingly, you are advised that the transferor department acting under the authority granted by Article 666 does not relinquish control of said property.

Since we have rendered a negative answer to the first question presented in your request, we will refrain from answering questions two and three of same, per your instructions.

"(4)  If an item which has not been deleted from the inventory records is sold for the department by the Board of Control for an amount less than $5.00, does House Bill #140, Special Provisions quoted above, appropriate the revenue from the sale to the department?"

There is no monetary requirement within Article 666 as a requisite for the accreditation to the appropriation of the transferor department of revenue received for personal property sold by the State Board of Control for said department.

Accordingly, you are advised that when an item which has not been deleted from inventory records is sold for the department by the Board of Control for an amount less than $5.00, House Bill 140, Acts 54th Legislature, 1955, chapter 519, page 1534, appropriates the revenue from the sale to the department.

"(5)  Item No. 92 on the sale in question was for the sale of approximately 5,000 lbs. of mixed scrap and was sold for .0167 per lb., and item No.

93 on the sale in question was for the sale of approximately 2,000 lbs. copper wire with insulation and was sold for 0.18 per lb., and the Board of Control states that the scrap and wire was removed from the buildings under the jurisdiction of the Board of Control, does House Bill #140, Special Provisions as quoted above, appropriate the revenue from these items to the Board of Control?"

Since the scrap and wire in question is traceable to, and was removed from, buildings under the jurisdiction of the Board of Control you are advised that House Bill 140 appropriates the revenue received from the sale of these items to the State Board of Control.

We quote the paragraph of your opinion request which immediately precedes question six of same:

"Some of the items sold were never placed on the inventory records of a department or the identifying numbers have been removed."

"(6)  Does House Bill #140, Special Provisions quoted above, appropriate the revenue from these items to the Board of Control?"

House Bill 140 appropriates the proceeds received from a sale pursuant to Article 666, to the State Agency which transferred the personal property to the State Board of Control. In order for such transferor State Agency to receive such credit, the ownership of the property sold must be traceable to said transferor. The fact that the property sold has no identifying number or was never placed upon the inventory records of the transferor is of no import.

You are advised that House Bill 140 does appropriate the revenue received from the sale of personal property, which does not bear an identifying number or was never placed on the inventory records of a department, to the State Board of Control if such property is traceable to the State Board of Control.

"(7)  When tires or batteries which have been junked and are sold by the lot or the pound for a department by the Board of Control, then does House Bill #140, Special Provisions quoted above, appropriate the revenue to the department?"

In order that we will not prolong this opinion, and since our discussion above has of necessity discussed the reasoning required to arrive at a proper answer to question number

seven of your request, you are advised that question seven is answered in the affirmative.

## SUMMARY

The transferor State Agency does not relinquish control of personal property transferred to the State Board of Control pursuant to Article 666, Vernon's Civil Statutes. House Bill 140, Acts 54th Legislature, 1955, chapter 519, page 1534, appropriates the money received from a sale of personal property in accordance with Article 666 to the State Agency transferor, regardless of the amount of money for which the property is sold. So long as the personal property sold is traceable to a State Agency, said Agency is to receive the revenue received for said property.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
    Marvin R. Thomas, Jr.
    Assistant

MRT:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
J. C. Davis, Jr.
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL

BY:    Geo. P. Blackburn