

# The Attorney General of Texas

July 7, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4624 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert Trenchard, Jr.
Winkler County Attorney
Winkler County Courthouse
Kermit, Texas 79745

Opinion No. MW-201

Re: Method of reimbursement to county auditor for travel expense.

Dear Mr. Trenchard:

You have requested our opinion concerning whether Winkler County may reimburse the County Auditor for travel expense other than on a reasonable rate per mile traveled as evidenced by a sworn expense report by the County Auditor. Reimbursement of the travel expenses of the county of Winkler County is governed by article 1650a, V.T.C.S., which provides:

> The commissioners court may reimburse the county auditor for expenses incurred in traveling to and from the county seat in his personal automobile to perform his official duties and to attend conferences and seminars relating to the performance of his official duties. However, the commissioners court may not reimburse the auditor for expenses incurred in traveling between his personal residence and county office, or for expenses incurred in any other travel of a personal nature. The commissioners court by order shall fix the rate of reimbursement at a reasonable rate. Reimbursement shall be made monthly from the appropriate county funds on submission of sworn expense reports by the county auditor.

Expenses of other county officials are governed by article 3912k, V.T.C.S. See Attorney General Opinion H-992 (1977). However, article 3912k specifically excludes county auditors from its provisions. Article 1650a has not been construed by previous court decisions or Attorney General Opinions.

We note that article 1650a was originally enacted by the Regular Session, 60th Legislature, 1967, and provided that the commissioners court shall fix the rate of reimbursement, "not to exceed 10 cents a mile." Acts 1967, 60th Leg., ch. 361 at 852. In 1975, the act was amended to provide reimbursement "at a reasonable rate" for the county auditor and his assistant in counties having a population of 1,500,000 or more. The 10 cents a mile limitation was retained for all other auditors. Acts 1975, 64th Leg., ch. 447 at 1190. In 1979, the act was amended again, deleting the words "not

to exceed 10 cents a mile" and substituting "at a reasonable rate" for all auditors. Acts 1979, 66th Leg., ch. 520 at 1104.  The act has consistently provided that reimbursement shall be made monthly from the appropriate county funds on submission of sworn expense reports by the county auditor.  Harmonizing the amendment with the act it is apparent that while the commissioners court may now set a "reasonable" rate for reimbursement, payment may only be made on the basis of monthly sworn reports of the miles traveled. Shipley v. Floydada Ind. Sch. Dist., 250 S.W. 159 (Tex. Comm'n App. 1923).

In construing a statute we may also look to the title or caption as a guide to legislative intent.   Huddleston & Work v. Kennedy, 57 S.W.2d 255 (Tex. Civ. App. — Eastland 1931, no writ).  The title of the original act and all subsequent amendments consistently refer to the act as "relating to mileage expenses of county auditors" (Emphasis supplied).  This further indicates a legislative intent to require reimbursement only on the basis of miles traveled.

For these reasons we must answer your inquiry in the negative.  Winkler County may not reimburse the County Auditor for travel expense other than on a reasonable rate per mile traveled as evidenced by a sworn expense report by the County Auditor.

## SUMMARY

Winkler County may not reimburse the County Auditor for travel expense other than on a reasonable rate per mile traveled.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Jim Allison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood