## LLOYD v. AMERICAN NAT. BANK.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 18, 1913. Rehearing Denied Feb. 15, 1913. Writ of Error Dismissed by Supreme Court May 21, 1913.)

**1. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT.**

Where, in an action against the maker and an indorser of a note, the jury rendered a verdict for plaintiff "against defendant L. (the maker) and the F. Company (the indorser)," judgment was properly rendered against the two defendants jointly and severally, especially as the maker, who complained thereof, was unquestionably liable for the full amount.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

**2. INTEREST (§ 38*)—RATE—ON JUDGMENT ON CONTRACT FIXING RATE.**

Under the express provisions of Rev. Civ. St. 1911, art. 4981, where a note stipulated for interest at 8 per cent., judgment thereon was properly rendered for the amount due at the date of the judgment, with interest from that date at 8 per cent.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 79–82; Dec. Dig. § 38.*]

**3. APPEAL AND ERROR (§ 302*)—RESERVATION OF GROUNDS OF REVIEW—MOTIONS FOR NEW TRIAL.**

Assignments of error that the court erred in rendering judgment against the defendants jointly and severally, because the verdict was against them jointly, and that it erred in adjudging that the judgment should bear interest at the contract rather than the legal rate, were waived where they were not set forth in the motion for a new trial, as required by rule 24 for Courts of Civil Appeals (142 S. W. xii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

**4. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.**

Alleged errors in rendering judgment against defendants jointly and severally, although the verdict was against them jointly, and in directing that the judgment should bear interest at the contract rather than the legal rate, were not so fundamental as to be reviewable without an assignment of error under rule 23 for Courts of Civil Appeals (142 S. W. xii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

Error from District Court, Tarrant County; R. H. Buck, Judge.

Action by the American National Bank against A. D. Lloyd and another. Judgment for plaintiff, and the defendant named brings error. Affirmed.

Crenshaw & Boykin, of Ft. Worth, for plaintiff in error. Bryan & Spoonts, of Ft. Worth, for defendant in error.

DUNKLIN, J. A. D. Lloyd has appealed from a judgment in favor of the American National Bank of Ft. Worth against appellant and the Ft. Worth Glass Manufacturing Company upon a promissory note, executed by Lloyd payable to the Ft. Worth Glass Manufacturing Company, and indorsed by the payee to the plaintiff bank.

In its petition plaintiff alleged the execution and delivery of the note by Lloyd to the payee, and its indorsement and delivery by the payee to plaintiff, that the note stipulated that it should draw interest at the rate of 8 per cent. per annum. The petition was in the usual form for a recovery upon a promissory note. The only answer filed by Lloyd consisted of a general demurrer and general denial.

[1] The jury impaneled to try the case returned the following verdict: "We, the jury, find for the plaintiff for the sum of $605.70 against the defendant A. D. Lloyd and the Ft. Worth Glass Mfg. Company." Upon that verdict judgment was rendered in favor of the plaintiff against the two defendants jointly and severally for the amount determined by the jury, with 8 per cent. interest thereon from date of the judgment.

Appellant insists that the verdict should be construed as a verdict against the defendants jointly only, and that there was no legal basis for a several judgment against each defendant for the full amount due on the note. This contention is without merit, especially in view of the fact that appellant was the sole maker of the note and, unquestionably, liable for the full amount due. Southern Kan. Ry. Co. v. Crump, 32 Tex. Civ. App. 222, 74 S. W. 335.

[2] By another assignment appellant insists that the decree that the judgment should draw interest from its date at the rate of 8 per cent. per annum was unauthorized by the verdict and hence erroneous. Article 4981, Rev. Civil Statute (1911), reads: "All judgments of the several courts of this state shall bear interest at the rate of six per cent. per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specific interest greater than six per cent. per annum * * * in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment." This statute fixes the rate of interest that all judgments shall bear, and, the rate of interest stipulated in the judgment in this case having been determined according to its plain provisions, this assignment is overruled.

[3, 4] Even though it should be held that either of the two assignments discussed above, which are the only assignments presented, show an error committed by the trial court, such error was waived by appellant because neither of said alleged errors was set forth in his motion for a new trial as required by rule 24 for Courts of Civil Appeals, and neither of such errors, if any, could be considered "so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23." For rules, see 142 S. W. xii.

The judgment is affirmed, with 10 per cent. of the amount of the same added as damages for delay, in accordance with the provisions

of article 1629, Rev. Civ. Stat. (1911), and in compliance with appellee's motion for such damages.