HUDDLESTON & WORK, AND UNION INDEMNITY COMPANY V. EARL KENNEDY ET AL.

No. 5918.   Decided October 26, 1932.
(53 S. W., 2d Series, 1009.)

Chas. E. Coombes and E. A. Watson, both of Stamford, McCormick, Bromberg, Leftwich & Carrington, all of Dallas, and T. R. Odell, of Throckmorton, for appellants.

The lien given under Article 5472-a on funds due general contractors inures only to the furnishers of labor and material to general contractors, and not to sub-contractors.   Fidelity & D. Co. of Md. v. Prassel Sash & D. Co., 24 S. W. (2d) 539; Indemnity Ins. Co. of North America v. South Texas Lbr. Co., 29 S. W. (2d) 1009; McClellan v. Haley, 250 S. W., 413; Tenison v. Hagendorn, 155 S. W., 690.

Murchison & Davis, of Haskell, B. F. Reynolds and Jeff A. Fowler and J. Fred Wright, of Throckmorton, for appellees.

Appellees, having notified in writing, the State Highway Commission of the existence of their claim against appellant,

thereby created a lien on the money due appellant by the Highway Commission for the construction of improvements, labor, etc. Winder Bros. v. Sterling, 12 S. W. (2d) 127; American Natl. Bank v. Petry, 141 S. W., 1040; Employers Cas. Co. v. Rockwall Co., 300 S. W., 148.

MR. JUDGE LEDDY delivered the opinion of Commission of Appeals, Section B.

The statement and questions are as follows:

"The above case is pending in our court on motion for rehearing. G. E. Huddleston and H. Work, composing the partnership firm of Huddleston & Work, were the general contractors under a contract with the State of Texas, acting through the State Highway Department, for the construction and improvement of a certain state highway in Throckmorton County. They furnished an indemnity bond for the faithful performance of their contract, as provided in Art. 5160, R. S., 1925. Subsequent to the making of the contract the contractors sub-let certain portions of the work to W. M. Harrison as subcontractor, and other portions thereof to Douglas & Son as subcontractors. Each of the sub-contractors entered upon and commenced the performance of the work, but after a period of a few weeks each abandoned the contract. After the abandonment by the sub-contractors various of the appellees filed claims with the State Highway Department for labor performed for, and material furnished to the sub-contractors. These claims so filed with the Highway Department were asserted as liens upon the amount due by the State to the general contractors by virtue of Arts. 5472a and 5472b, Vernon's Annotated Texas Statutes. At the time these various claims were filed with the State Highway Department partial payments had already been made to the general contractors, but a substantial balance was still owing on the contract. The Highway Department withheld funds due the general contractors on account of the claims so filed by appellees, whereupon the general contractors executed a release bond as provided by the Acts of 1929, Forty-first Legislature, p. 452, Chap. 211, brought forward in 1930 Cumulative Annual Pocket Part of Vernon's Annotated Revised Civil Statutes of Texas, as Art. 5472-1. Appellant, Union Indemnity Company, was the surety on this release bond. The bond was payable to those appellees who had filed claims with the Highway Department, and was conditioned as required by the above cited statute. Upon the filing of the bond the impounded funds were paid by the State Highway Department to the general con-

tractors. Thereafter, the instant suit was instituted by Earl Kennedy against Huddleston & Work and Union Indemnity Company. Each of the payees named in said bond, except Thompson Hardware Company, intervened in the suit, and certain appellees who were not named in the bond, also intervened.

"In their several pleadings the appellees undertook to set up a two-fold cause of action. They first sought to recover upon the general contractors' original bond given in compliance with Amended Art. 5160, R. S., 1925. Union Indemnity Company was surety on this bond, as well as upon the release bond. They sought secondly to recover on the release bond executed under the terms of Art. 5472-1.

"Upon the authority of Indemnity Insurance Co. v. South Texas Lumber Co., 29 S. W. (2d) 1009, and Fidelity & Deposit Company of Maryland v. Prassel Sash & Door Company, 24 S. W. (2d) 539, the trial court denied appellees any recovery upon the original bond furnished under the provisions of Art. 5160, but awarded judgment upon the release bond executed under Art. 5472b-1. The judgment of the trial court denying recovery under the first mentioned bond is not challenged in this court. No cross-assignments of error were filed below and it is conceded here that the judgment in that respect was correct.

"Huddleston & Work and Union Indemnity Company brought the case to this court, complaining of the judgment rendered against them on the release bond. The appeal calls for a construction of Arts. 5472a and b, Vernon's Annotated Statutes. In our original opinion we affirmed the judgment of the trial court as to all appellees who performed labor for, or furnished material to the sub-contractors. In re-considering the questions on motion for rehearing we have concluded that the importance of the question (involving, as it does, the construction of new statutes), is such that an authoritative decision thereon should be obtained. We therefore deem it advisable to certify for your decision the following questions:

"*First*: Is the lien provided for in Art. 5472-a available to those only who file written notices of their claims before any payment is made to the general contractor?

"*Second:* Does the lien given in said article inure to the benefit of those who perform labor for and furnish material to a sub-contractor, and which labor and material enter into the improvement provided for by the original contract?"

The questions certified in this case are passed upon by

this Commission in the case of Allen Smith et al. v. The Texas Company, this day decided.   53 S. W. (2d) 774.

The conclusion there reached requires that the first question certified be answered in the negative and the second in the affimative, and we so recommend.

The opinion of the Commission of Appeals is adopted and ordered certified.

C. M. CURETON, Chief Justice.