**FRANKLIN BROS. et al. v. STANDARD MFG. CO. et al.**

No. 8189.

Court of Civil Appeals of Texas. Austin.

Dec. 12, 1934.

Rehearing Denied Jan. 9, 1935.

Jas. V. Allred, Atty. Gen., and Willis E. Gresham and A. R. Stout, Asst. Attys. Gen., for appellants.

Cofer & Cofer, of Austin, and Smith & Eplen, of Abilene, for appellees.

BLAIR, Justice.

Although styled differently, this is a suit by appellee Abilene Plumbing Supply Company, Inc., against appellant the state of Texas, and arose as follows:

Appellant, through its State Board of Control, contracted with Franklin Brothers to install the plumbing and heating system in a building at the Abilene State Hospital, for a consideration of $9,360. The contract provided that 80 per cent. of the contract price be paid on certificates of the architects as the work progressed; and as follows: "That 20 per cent. of the contract price shall be held by the owner for such time as said work cannot be made responsible for labor done or material furnished, after the satisfactory completion and acceptance of the entire work, as security for the faithful completion of said work, and as a protection to labor, materials, etc., and may be applied under the direction of the Architects in the liquidation of any damages under this contract, and the contractor agrees to furnish to the owner a release from any liens or rights of lien which may grow out of this contract under the statutes of the State of Texas, and if requested, shall furnish a sworn statement as to all purchases of materials and as to all contracts for labor which has gone into said work, and to any and all claims which could arise from such material or labor furnished, and the bond hereto attached is given for the purpose of binding said contractor to the faithful performance of this contract."

During the progress of the work appellee furnished material for which there was a balance of $4,326.76 due when the work was completed and accepted. Appellee delivered an itemized account of such material, and also an assignment by the contractor of so much of the contract price as was necessary to pay appellee's claim, to the architects in charge of the construction work for the State Board of Control, at Abilene, prior to the completion and acceptance of the work, and before payment of the final estimate by the state. The architects agreed to notify appellee when the board's agents would finally inspect and accept the work, but failed to do so.

On the day the work was completed and accepted, the architects delivered the final estimate to the contractor, who within a few days presented it to the board at Austin, and obtained its approval thereon, and a warrant was issued for $1,861.20, as final payment of the work. A few days later the architects notified appellee that they forgot to notify it when the board's agents inspected and accepted the work, and that they had delivered the final estimate to the contractor. Appellee immediately called the board by phone, and was informed that the warrant representing the final payment of the work had been delivered to the contractor; that it was in the hands of an innocent purchaser, and payment of it could not be stopped.

Appellee furnished the contractor with its itemized sworn account, and filed same with the county clerk in time to fix a mechanic's or materialman's lien, if one could have been fixed, as required by article 5160, and prosecuted its claim thus established to final judgment, recovering judgment for the full amount against the insolvent contractor, and for $600 against the bondsman, which was the full amount of the bond liability, and which amount was paid, leaving a balance due appellee of $3,736.76.

Neither the State Board of Control nor any of its agents, after the completion and acceptance of the work, secured from the contractor satisfactory evidence and affidavits that all just bills for labor and material had been paid by the contractor, according to the requirements of the statutes and the terms of the contract.

The Legislature authorized appellee to sue the state to determine its liability "in an amount not to exceed $1,861.20," because of the failure of the State Board of Control to retain 20 per cent. of the contract price of the work as security for the payment of labor and material as provided in the contract; and because of the failure of said board to retain the amount specified for payment of labor and material as required by the statutes. Accordingly, this suit was filed, and a trial to the court without a jury on an agreed statement of facts resulted in judgment for appellee for $1,861.20; hence this appeal by the state.

■ Articles 5472a and 5472b, Vernon's Ann. Civ. St., provide that one desiring to fix a lien upon any money, etc., due a contractor

by the state for public work, "shall, before payment is made to such contractor, notify in writing the officials of the State * * * whose duty it is to pay such contractor of his claim." The state contends that the written notice to the architects at Abilene, of appellee's claim for material furnished, was not a sufficient compliance with these statutes, because the architects had no authority to accept notice of such claim.

But if it be conceded that the agency of the architects did not extend to the acceptance of notice of labor and material claims, and that notice to them of appellee's claim was not notice to the State Board of Control, still the state is liable to appellee for the amount of the retainage fund, because it paid same to the contractor immediately, or within four or five days, after the completion and acceptance of the work, without requiring the contractor to make satisfactory proof and affidavit that all just bills for labor and material had been paid in full, as required of it by the provisions of article 5160, as amended by Acts of the 41st Legislature (1929), p. 481, c. 226, § 1 (Vernon's Ann. Civ. St. art. 5160) reading as follows: "That after completion and acceptance of completed project all moneys due contractor * * * shall be held by the State * * * until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material * * * have been paid in full."

■ Articles 5472a and 5472b do not provide for any specific time in which written notice of labor and material claims shall be given the officials whose duty it is to pay a public works contractor. They merely provide that such notice shall be given "before payment is made to such contractor" of any retainage fund, money, etc., which may be due at the time of notice, or which may thereafter accrue to the contractor. Smith v. Texas Co. (Tex. Com. App.) 53 S.W.(2d) 774. In this circumstance a reasonable time after the completion and acceptance of the public works project will be implied and allowed for giving such notice. That this should be the rule is apparent when these statutes are considered with article 5160, supra, which requires the state to hold all money due the contractor "after completion and acceptance of completed project * * * until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material * * * have been paid in full." This statute does not make notice prerequisite to the duty of the state to withhold money due the contractor

after the completion and acceptance of the work, and to require satisfactory proof and affidavit that all labor and material claims have been paid. It further provides "that all claims for labor and material * * * shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work." The mechanic's lien statutes referred to (article 5452 and art. 5453, as amended by Acts 1929, c. 478, § 1 [Vernon's Ann. Civ. St. art. 5453]) provide that the sworn itemized account of material furnished shall be filed with the county clerk within ninety days after the indebtedness accrues. Appellee fully complied with the requirements of the registration statutes.

■ All of the aforementioned statutes were enacted for the benefit and protection of the laborer and materialman who furnish labor and material for a public works project, and "are in pari materia, and must be considered together in construing one of them." See C. A. Dunham Co. v. McKee (Tex. Civ. App.) 57 S.W.(2d) 1132, writ refused, wherein it was held that a materialman who used no diligence in complying with either the registration or notice statutes, and who failed to file his sworn account with the county clerk, as required by article 5160, and gave no notice in writing of his claim to the school board, as required by articles 5472a and 5472b, until about one year after the completion and acceptance of the school building, could not complain of the failure of the school board to perform its statutory duty of requiring satisfactory proof and affidavits by the contractor that all claims for labor and material had been paid, as required of it by article 5160.

However, the instant case is distinguished from the Dunham Company Case on the facts. In the instant case appellee furnished the contractor with its sworn itemized account, and filed same with the county clerk in time to fix a mechanic's or, materialman's lien, if one could have been fixed on a public building, as required by article 5160; and also prosecuted its claim thus established to final judgment, recovering judgment against the insolvent contractor for the full amount of its claim and against the statutory bond for the full amount of the bond liability. The state authorized the payment of the 20 per cent. retainage fund immediately upon the delivery of the final certificate of the architects and the completion and acceptance of the work, or within only a few days thereafter, and long

before the time for fixing the materialman's lien had expired under the statutes in question. Thus it appears that the state did not allow appellee a reasonable time in which to give notice of its claim after the completion and acceptance of the work, and before it paid the retainage fund to the contractor. It was agreed that neither the state nor any of its agents, after the completion and acceptance of the construction work, and before payment of the retainage fund to the contractor, secured from the contractor satisfactory proof and affidavits that all claims for labor and material had been paid in full, as required by article 5160, and in consequence of this breach of duty the state is liable to appellee for the amount of the retainage fund. And since the contract imposed the same duty with regard to retaining the fund until satisfactory proof was made that all labor and material claims had been paid, no necessity exists for a determination of such contract liability of the state; nor for a determination of the question of whether any notice of appellee's claim was necessary to fix the contract liability.

The judgment in favor of appellee awarded interest from and after its date at the legal rate. The state contends that it "is not liable for interest in the absence of a definite statute so providing."

Article 5072 provides that "all judgments of the courts of this State shall bear interest at the rate of six per cent per annum from and after the date of the judgment." In construing this statute, it was held in the case of City of San Antonio v. Alamo Nat. Bank (Tex. Civ. App.) 155 S. W. 620, 623, that "our statute makes no exception * * *, but provides that all judgments shall bear 6 per cent. interest." In numerous cases our courts have held that although interest is not recoverable as damages or penalties, it is otherwise the rule after judgment, because "in this State all judgments bear interest from date of rendition" by virtue of this statute. Finley v. Carothers, 9 Tex. 517, 60 Am. Dec. 179; Lloyd v. American Nat. Bank (Tex. Civ. App.) 158 S. W. 785; Baum v. Daniels, 55 Tex. Civ. App. 273, 118 S. W. 754; 25 Tex. Jur. 11; 59 C. J. 297; and Commonwealth v. Lyon (Ky.) 72 S. W. 323, 324, wherein a similar statute to ours was construed, and it was held that: "The only difference between the sovereign and an individual is that it requires the sovereign's consent to be sued, but, when that consent has been obtained, then the court has the right to determine the question of interest as it would have in a suit of one citizen against another."

The judgment of the trial court will be affirmed.

Affirmed.