## A. M. McELWEE & CO. v. SOUTTER et al.
### No. 11566.

Court of Civil Appeals of Texas. Dallas.
Jan. 19, 1935.

Rehearing Denied Feb. 23, 1935.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellant.

John C. Read and Earl A. Forsythe, both of Dallas, for appellees.

JONES, Chief Justice.

In a district court of Dallas county, A. E. Soutter, trading as Lone Star Brass Foundry, Roddis Lumber & Veneer Company, a corporation, and the Model Brass Manufacturing Company, a corporation, all alleged to reside in Dallas county, brought suit against A. M. McElwee & Co., a corporation, Royal Indemnity Company, a corporation, Southwestern Show Case Company, Inc., George F. Rockhold, trustee in bankruptcy of Southwestern Show Case Company, and the county of Jefferson, Tex., to recover the value of certain described materials, alleged to have been separately furnished by each of the plaintiffs, to furnish the county courthouse in Jefferson county. The only defendants in the suit alleged in the petition to reside in Dallas county are the Southwestern Show Case Company, Inc., and George F. Rockhold, trustee in bankruptcy of the Show Case Company. From an order overruling the plea of privilege filed by McElwee & Co., to transfer the suit to a district court in Tarrant county, the county of its residence, it has perfected an appeal to this court. This appeal concerns only A. E. Soutter, who will hereinafter be styled "appellee," A. M. McElwee & Co., hereinafter styled "appellant," Southwestern Show Case Company, Inc., hereinafter styled "Show Case Company," and George F. Rockhold, trustee in bankruptcy, hereinafter styled "trustee." The following is a sufficient statement of the facts:

On January 26, 1931, appellant entered into a contract with the county of Jefferson for the furnishing and installing of all wood furniture, cabinet work, and benches in the courthouse at Beaumont, the county seat of Jefferson county, for a consideration of $39,935.20. Appellant executed and delivered to Jefferson county a surety bond, conditioned as required by law, and the Royal Indemnity Company, a New York corporation with a permit to do business in Texas, and with an agent in Tarrant county, executed the statutory indemnity bond.

On March 9, 1931, appellant, before it had entered upon the execution of its contract, duly assigned same to the Show Case Company, which company executed and delivered to appellant an indemnity bond, with the Massachusetts Bonding & Insurance Com-

pany, with a permit to do business in this state and a local agent in Dallas county as surety on such bond. This bond was executed in favor of appellant, and conditioned that the Show Case Company would comply with the terms and conditions of the contract appellant had assigned to it. On or about April 1, 1932, the Show Case Company, after having partially completed its work, abandoned the contract and failed and refused to complete same.

This suit was instituted by the plaintiffs, under the terms and conditions of articles 5161 to 5164, inclusive, chapter 4 of title 83, R. C. S., and article 5160 (as amended by Acts 1929, c. 226, § 1 [Vernon's Ann. Civ. St. art. 5160]). This suit was not instituted until more than six months had elapsed, after the abandonment of the contract by the Show Case Company, and after Jefferson county had failed to institute suit within the six months' period.

Appellee had contracted with the Show Case Company, after it had been assigned the contract by appellant and before it had abandoned the work, to furnish twelve aluminum gates, under the plans and specifications of the contract, at the aggregate value of $860, $200 of which had been paid previous to the filing of the suit, and had delivered to said Show Case Company the twelve aluminum gates. The suit instituted by appellee was to recover the balance of $660, jointly and severally, against appellant, its surety, and against the Show Case Company, as assignee of the contract, and its surety to appellant. Appellee also joined George F. Rockhold, trustee in bankruptcy for the Show Case Company, such company having been adjudged a bankrupt subsequent to the default of its contract.

The plea of privilege was in due and statutory form, and within the required time, appellee filed his controverting affidavit, making many of the allegations made in his petition, and alleging the Dallas residences of the Show Case Company, and of Rockhold. Appellee's original petition was specifically made a part of his controverting affidavit. No question is made but that appellant's domicile was in Tarrant county.

The issues raised by the plea of privilege, and the controverting affidavit, were duly heard and the order overruling the plea entered. The controverting affidavit claimed the right of venue in Dallas county, under the provisions of subdivision 3, of subdivision 4, of subdivision 23, and of subdivision 29a, defining exceptions to the general venue law,

of article 1995 (Vernon's Ann. Civ. St.). We do not believe that the exceptions given in subdivision 3 and in subdivision 23 apply to this case.

Appellant claims that the evidence is insufficient to bring this case under said subdivision 4, which reads: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides, * * *" in that, under the rule of law established in this state, the cause alleged against the defendant residing in the county where the venue is claimed, and the cause alleged against the defendant in another county, must be a joint cause of action, and that no sufficient proof is offered to show that such joint cause of action exists. Appellant also claims that this record does not show, by sufficient proof, that the Show Case Company was a resident of Dallas county at the time the suit was instituted, and wholly fails to show Rockhold resides in Dallas county. These contentions present the questions for decision.

Appellee's petition was introduced in evidence, for the purpose of showing the nature and character of the suit; this, of course, means, as to the instant case, whether or not there is alleged a joint cause of action against appellant and the Show Case Company. No evidence whatever was introduced as to Rockhold's residence, and the question of his residence passes out of this appeal, as a venue ground.

■ The petition clearly alleges such joint cause of action. It is true, we think, as contended by appellant, that where such joint cause of action is necessary to the venue of the case, not only must a joint cause of action be alleged, but sufficient evidence must be introduced, to show that such a cause of action probably exists. Is the evidence sufficient in the instant case? The original contract between appellant and Jefferson county was introduced in evidence, and this shows appellant's probable liability to appellee. The petition and the controverting affidavit show that appellant assigned this contract to the Show Case Company. The evidence shows that the Show Case Company was performing the contract when appellee furnished to it the described materials necessary for the completion of the contract; this evidence also shows the probable liability of the Show Case Company to appellee. Appellant, under the evidence introduced, being probably liable on this contract to appellee, from which contract it had never been released, and the Show Case Company also being probably lia-

ble to. appellee on its purchase from appellee of the material in question, appellee could sue them jointly. It is not believed that there is any question but that appellant, although it had assigned the contract, was equally liable with its assignee, the Show Case Company. Western Oil Sales Corp. v. Bliss & Wetherbee (Tex. Com. App.) 299 S. W. 637; Potts et al. v. Burkett et al. (Tex. Civ. App.) 278 S. W. 471; Huddleston & Work et al. v. Kennedy, 122 Tex. 182, 53 S.W.(2d) 1009; Metropolitan Cas. Ins. Co. of New York v. Texas Sand & Gravel Co. (Tex. Civ. App.) 68 S.W.(2d) 551. The provisions of article 5160, as amended, as to notice of the claim were complied with by appellee.

Appellee testified that the aluminum gates were sold to the Show Case Company, and that they were to go into the courthouse at Beaumont, being called for by the plans and specifications, as shown by blueprints to which he had access. Appellee further testifies that, at the time he made the sale, the Show Case Company was located at the corner of Akard and Corinth streets, in the county of Dallas. Under this testimony, the court overruled the plea of privilege, necessarily finding that a joint cause of action was shown to exist in favor of appellee against appellant and the Show Case Company, and that the Show Case Company resided in Dallas county. The evidence unequivocally shows that the Show Case Company resided in Dallas county a few months before the suit was filed, and the presumption would be that its residence continued at such place, and warranted the court in so finding.

We therefore hold that there is evidence to sustain the judgment of the lower court, and that the case should be affirmed.

Affirmed.