

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL.

Hon. J. W. Calhoun
Comptroller
University of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1268
Re: Method of final payment of
contract price to Wood and Scur-
lock, Contractors, under contract
dated September 29, 1938--P.W.A.
Docket 9107-F (Texas).

     Your letter of August 10, requesting an opinion from
this department and accompanied by correspondence contained in
your file, along with an executed copy of the contract between
the Board of Regents of the University of Texas and Wood and
Scurlock, Contractors, a copy of the Contractor's Bond with
Standard Accident Insurance Company as surety, and complete
folder designated as "Specifications for the Mechanical Con-
tract, Men's Dormitory Building, Unit 3, University of Texas",
with the latter containing the contract documents which compose
the contract above mentioned, has received our attention.

     The following are substantially the facts as we un-
derstand them, taken from the above documents:

     Under the above contract, dated September 29, 1938,
the project specified therein of constructing and com-
pleting in every detail a men's dormitory, Unit No. 3,
for the University of Texas, was completed by Wood and
Scurlock, Contractors, with final payment under the con-
tract yet to be paid said contractors. Under date of
May 29, 1939, the following notice was received by you:

"Comptroller
University of Texas
Austin, Texas    Attention: Mr. C. D. Simmons

Gentlemen,

"We wish to advise that we have a balance due us
for the tile and marble work installed by us in the
Men's Dormitory, Docket Texas-9107F-1.

"We request that when making settlement with the
general contractor, have him present you with a state-
ment paid in full from our office.

"Thanking you very kindly, we are

Yours very truly,
TRAFTON TILE & MARBLE CO.
(Signed) Forrest Trafton Mgr."

Supplementing this letter you were presented with a copy of an invoide showing the amount due by the contractors to the Trafton Tile & Marble Co. in the sum of $1,000.00. The situation stands at present with the contractors demanding the balance due under the contract less the $1,000.00 claimed by the Trafton Tile & Marble Co. or an offer by the contractors to put up a release bond as provided in Article 5472b-1, Vernon's Annotated Civil Statutes, cumulative supplement, and receive the entire retainage fund due by the University. At this stage, you request our advice as to the proper legal procedure to follow.

Article 5160, Revised Civil Statutes, 1925, as amended, provides:

"Any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecutiom of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the State or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the State or municipality, the remainder shall be distributed pro rata among said intervenors. Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted,

within ninety days from the date of the delivery of said material and the performance of said work. The County Clerk shall note on the mechanic's lien record the name of the claimant, the amount claimed, the name of the contractor and the name of the county, school district, other subdivisions, or municipality with which the contract was made; and the County Clerk shall index the claim under the name of the contractor and under the name of the county, school district, other subdivisions or municipality; with which the contract was made.

"Provided further that after completion and acceptance of completed project all moneys due contractor under said contract shall be held by the State or its counties or school districts or other subdivision thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has been paid in full by the contractor."

Article 5472a and Article 5472b, Revised Civil Statutes, 1925, provide:

"That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim."

"That no public official, when so notified in writing, shall pay all of said moneys, bonds, or warrants, due said contractor, but shall retain enough of said moneys, bonds, or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction."

Article 5472b--1, Revised Civil Statutes, 1925, as amended, provides:

"Section 1. That whenever any claim or claims shall be filed attempting to fix a lien, secured or claimed by any instrument filed under the provisions of Chapter 17, of the General Laws of the State of Texas, passed by the

Thirty-ninth Legislature in Regular Session, that the contractor or contractors against whom such claim or claims are made, may file a bond with the officials of the State, county, town or municipality whose duty it is to pay the moneys, bonds or warrants to such contractor or contractors. Said bond shall be double the amount of the claims filed, and shall be payable to the claimant or claimants. It shall be executed by the party filing same as principal, and by a corporate surety authorized under the laws of Texas to execute such bond as surety, and shall be conditioned substantially that the principal and surety will pay to the obligees named, or their assigns, the amount of the claim or claims, or such portion or portions thereof as may be proved to have been liens, under the terms of Chapter 17, General Laws of the State of Texas, passed by the Regular Session of the Thirty-ninth Legislature. The filing of said bond and its approval by the proper official of the State, county, town or municipality, shall release and discharge all liens fixed or attempted to be fixed by the filing of said claim or claims, and the official or officials whose duty it is to pay the moneys, bonds or warrants shall pay or deliver the same to the contractor or contractors or their assigns. Said official shall send by registered mail an exact copy of said bond to all claimants.

"Sec. 2. At any time within six months from the date of filing of said surety bond, the party making or holding such claim or claims may sue upon such bond, but no action shall be brought on such bond after the expiration of such period. One action upon said bond shall not exhaust the remedy thereon, but each obligee or assignee of an obligee named therein may maintain a separate suit thereon in any court and in any jurisdiction. If any claimant or claimants in an action establish the fact that they were entitled to a lien under the provisions of Chapter 17 of the General Laws of the State of Texas, passed at the Regular Session of the Thirty-ninth Legislature, and shall recover judgment for not less than the full amount for which claim was made, the court shall fix a reasonable attorney's fee in favor of the claimant or claimants, which shall be taxed as part of the costs in the case. The bond provided in Section One of this Act shall also be conditioned that the principal and surety will pay all court costs adjudged against the principal in actions brought by claimant or claimants thereon."

The above statutes, pertinent to the matters herein involved, being in existence when the contract in question was entered into, same would be held a part of such contract--Metropolitan Casualty Insurance Company vs. Cheaney, 55 S.W.(2d) 554.

In the case of C. A. Durham Company vs. McKee, et al, (C.C.App.) 57 S.W.(2d) 1132, writ refused, the court referring in its opinion to Articles 5160, 5472a, 5472b, 5472b--1, above quoted, held that such statutes enacted to protect furnishers of labor and material on public works must be considered together as in pari materia in construing any one of them.

While the contract documents contain numerous provisions affording ample protection to the parties and the language of same is clear and unambiguous, yet where such clauses conflict with the above statutes as to rights and duties, such statutes should be followed. It appears that all of the above quoted statutes have been construed by our courts, thereby furnishing ample legal authority for proceeding in the matter of making final payment of the contract price.

It is evident that the surety bond of Wood and Scurlock, Contractors, meeting the requirements of Article 5160, supra, enures to the benefit of such person, firms or corporations that have claims for labor and material furnished to said contractors and who comply with its provisions. It will be noted that this Article requires that all such claims shall be filed with the County Clerk of the county in which the work is being prosecuted, within ninety (90) days from the date such material and labor are furnished to said contractors. It also provides that after completion and acceptance of completed projects, all moneys due contractor under said contract shall be held by the State or its counties or school districts or other subdivision thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has been paid in full by the contractor.

From the instruments submitted by you, we presume that the contractors have not complied with the provisions of the aforementioned statutes which clearly makes it the statutory duty of a public official to require satisfactory evidence to be submitted and affidavit made by the contractor that all just bills for labor and material under the contract have been paid in full by the contractor before releasing any retainage funds payable under the contract. Correlating this statutory provision, we find the following paragraph, a part of the general conditions of the contract:

"Art. 26. Payments Withheld.--The Architect may withhold or, on account of subsequently discovered evidence, nullify the whole or a part of any certificate to such extent as may be necessary to protect the Owner from loss on account of:

"(a)  Defective work not remedied.
"(b)  Claims filed or reasonable evidence indicat-
      ing probable filing of claims.
"(c)  Failure of the Contractor to make payments
      properly to subcontractors or for material
      or labor.
"(d)  A reasonable doubt that the contract can be
      completed for the balance then unpaid.
"(e)  Damage to another Contractor.

"When the above grounds are removed payment shall be made for amounts withheld because of them."

In the matter of final payment to the contractors by the University, with particular reference to the notice received and claim of the Trafton Tile & Marble Co., it appears that under the authorities reviewed, no prior or greater rights are given one claimant who has given statutory notice over other claimants who have not, yet may be entitled to some portion of the retainage fund on hand.

In the case of Smith vs. Texas Company (Comm.App.) 53 S.W.(2d) 774, it was held that the notice provided in Articles 5472a and 5472b need not be filed with the proper official before payment of any money to the contractor in order to fix lien on fund due him. To the same effect, certified question was answered by the Commission of Appeals, in Huddleston and Work, et al, vs. Kennedy, et al, 53 S.W.(2d) 1009.

The statutes do not provide for any specific time in which written notice of labor and material claims shall be given the officials whose duty it is to pay a public works contractor. From the case of Franklin Brothers vs. Standard Manufacturing Company, 78 S.W.(2d) 294, by the Austin Court of Civil Appeals, we quote:

"*** In this circumstance a reasonable time after the completion and acceptance of the public works project will be implied and allowed for giving such notice. That this should be the rule is apparent when these statutes are considered with article 5160, supra, which requires the state to hold all money due the contractor 'after completion and acceptance of completed project *** until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material *** have been paid in full.' This statute does not make notice prerequisite to the duty of the state to withhold money due the contractor after the completion and acceptance of the work,

and to require satisfactory proof and affidavit that all labor and material claims have been paid. It further provides 'that all claims for labor and material *** shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work.' The mechanic's lien statutes referred to (article 5452 and art. 5453, as amended by Acts 1929, c. 478, sec. 1 (Vernon's Ann.Civ.St. art. 5453) provide that the sworn itemized account of material furnished shall be filed with the county clerk within ninety days after the indebtedness accrues. Appellee fully complied with the requirements of the registration statutes.

"*** It was agreed that neither the state nor any of its agents, after the completion and acceptance of the construction work, and before payment of the retainage fund to the contractor, secured from the contractor satisfactory proof and affidavits that all claims for labor and material had been paid in full, as required by article 5160, and in consequence of this breach of duty the state is liable to appellee for the amount of the retainage fund. And since the contract imposed the same duty with regard to retaining the fund until satisfactory proof was made that all labor and material claims had been paid, no necessity exists for a determination of such contract liability of the state; nor for a determination of the question of whether any notice of appellee's claim was necessary to fix the contract liability."

In answer to your request, you are respectfully advised that you should require the contractor to furnish satisfactory evidence and affidavits made by him, that all just bills for labor and material under the contract has been paid in full by the contractor. Article 5472a provides that when a claim is filed under such article no public official shall pay all of said moneys due said contractor but shall retain enough of said moneys to pay said claim. Therefore, if the contractors comply with the requirements of the statute as to furnishing satisfactory evidence and affidavits that all just claims have been paid except that of the Tile Company, the University should retain enough to pay that claim, that is, the amount of the claim with a small sum in addition for contingencies and pay to Wood & Scurlock, Contractors, the remainder.

It is further our opinion that where a portion of the retainage fund or balance of the contract price withheld, is charged

by statutory notice with the claim by a subcontractor, the general contractors have a right to furnish a release bond under the provisions of Article 5472b--1, Revised Civil Statutes, 1925, as amended, and be paid said claimed portion along with the balance of the retainage fund, provided the evidence is satisfactory that there are no other claimants to the retainage fund.

In connection with the foregoing, we further respectfully advise that this department is unable to sanction or specifically answer any one or all of the propositions Number 2, 3 and 4 outlined in the third paragraph on page 2 of your letter, same being questions controlled by facts directly bearing upon the proof to be submitted by the contractors under the contract and statutes quoted herein, upon which we are unable to pass.

Trusting the above answers your request, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Wm. J. R. King, Assistant

APPROVED AUG 25, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

WmK: jm:wb