### F. C. CRANE CO. v. CHAS. C. BELLAR CO. et al.

No. 12922.

Court of Civil Appeals of Texas. Dallas.

Nov. 18, 1939.

Rehearing Denied Dec. 16, 1939.

Guthrie & Guthrie, of Dallas, for appellant.

Milburn E. Nutt, of Wichita Falls, for appellees.

YOUNG, Justice.

F. C. Crane Company, plaintiff below, has appealed from an order sustaining venue pleas of certain defendants, and transferring the entire cause to the District Court of Chambers County. The suit in the Dallas County District Court was by appellant against Chas. C. Bellar Company, a partnership composed of Chas. C. Bellar, E. L. Nolte and F. H. Carpenter, Jr., the two first mentioned residing in Chambers County and the latter in Hardin County; the other and principal defendant being A. V. Gunn, a resident of Morris County, Texas.

Chas. C. Bellar Company, contractors, on February 21, 1939, were awarded, by the Texas State Highway Department, the job generally of constructing an overpass in Dallas County, on U. S. Highway No. 75, the location being on Greenville Avenue and M. K. T. Railroad tracks. Previously, about February 14, 1938, the Bellar Company had accepted a contract signed by A. V. Gunn for detailed excavation and salvage work on the general project. Gunn's undertaking and bid is referred to in the testimony as an equipment and rental contract, a copy thereof being on file with the State Highway Department and the main contract of construction. Later, in February, 1939, F. C. Crane

Company entered into a series of equipment rental agreements with A. V. Gunn under which heavy tractor machinery was rented by the latter, and material and supplies purchased, resulting in a debt due to plaintiff in excess of $3,400. There was testimony that all of said machinery and material rented or sold to A. V. Gunn were used by him in performance of his contract with Chas. C. Bellar Company, and in connection with the main project of constructing and completing the overpass.

As already stated, plaintiff sued for the amounts remaining unpaid under its written agreements with A. V. Gunn, which were payable in Dallas County, alleging said defendant to be a subcontractor; and alternatively plead that, if A. V. Gunn was not the subcontractor of the Chas. C. Bellar Company, he was their agent and foreman; that in making the rental contracts and purchases with plaintiff, said Gunn was acting for his undisclosed principal, the Bellar Company, who had accepted the benefits of plaintiff's contracts, and used its machinery and material in carrying out the Bellar Company contract with the State Highway Department; also pleading ratification and acceptance of benefits by the other defendants through their alleged agent, A. V. Gunn, and praying for judgment against the partnership of Chas. C. Bellar Company and Gunn, jointly and severally. Plaintiff further alleged the filing of its itemized claim against all defendants, in the Mechanics' Lien Records of Dallas County, presumably in compliance with Art. 5160, R.S.; also in evidence was a letter to R. J. Hanks, of the Texas Highway Department, notifying said State agency of plaintiff's claim for moneys due on the particular work, and requesting a withholding of disbursements to Chas. C. Bellar Company until payment of plaintiff's said claim, or furnishing of bond as provided by statute.

A. V. Gunn, defendant, filed answer and cross action in the suit; Messrs. Bellar, Nolte and F. H. Carpenter, Jr., defendants, and partners in the Chas. C. Bellar Company, asserting their aforesaid pleas of privilege. Plaintiff's controverting affidavit to each of said pleas made the original petition a part thereof and predicated venue on subdivisions 5 and 29a of Art. 1995, Vernon's Ann.Civ.St. art. 1995, subds. 5, 29a. In connection with the claim of venue under the last mentioned subdivision (29a), plaintiff's affidavit stated: "That in the suit filed against A. V. Gunn and each of the partners of the Charles C. Bellar Company, the plaintiffs are seeking to subject funds due Charles C. Bellar Company, a copartnership, to the claim of the F. C. Crane Company, and, in order to reach such funds, it is necessary and proper that the copartnership, Charles C. Bellar Company, and each of the partners of that partnership, to which the funds are due from the State Highway Department, be made parties to this suit."

As we view the salient features of plaintiff's prima facie case, venue over the particular defendants, if maintainable at all in Dallas County, must be perforce of subd. 29a, the provisions of which are familiar and need not be quoted. Although from the whole of plaintiff's pleading, joint and several judgments are sought against all defendants, it is evident that, as against the Chas. C. Bellar Company, only the funds due such general contractor in the hands of the State Highway Department are in controversy. In other words, plaintiff is asserting the rights of a materialman, for items and articles furnished on a public improvement, and the establishment of a lien on the moneys due or to become due the public contractor under the terms of Arts. 5472a, 5472b, R.S., Vernon's Ann. St. arts. 5472a, 5472b. Appellant's brief candidly admits that its allegations of a cause of action against Chas. C. Bellar Company are simply to the extent of the funds in custody of the State Highway Department, which would otherwise be due the general contractor. The statutes above mentioned provide: art. 5472a, R.S., "That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim." art. 5472b, "That no public official, when so notified in writing, shall pay all of said moneys, bonds or warrants, due said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction."

 At the time of hearing on these venue pleas (July 21, 1939), the overpass project was in course of completion, and, from defendant Gunn's ancillary contract, an undetermined amount was owing to him by the Bellar Company and presumably constituting a part of the funds retained by the State Highway Department to the credit of the general contractor, pending completion of the work. The testimony discloses, and Art. 6674m, Vernon's Ann. Civ.St. art. 6674m, requires, that such amount be at least ten per cent. of the particular bid or contract. The remedy plaintiff is seeking to enforce, by the above statutory notice in writing, has been termed a species of garnishment; Huddleston & Work v. Kennedy, Tex.Civ.App., Eastland, 57 S.W.2d 255. (The opinion following answers by Commission of Appeals to certified questions, Id., 122 Tex. 182, 53 S.W. 2d 1009.) Whether plaintiff's notice ultimately results in the establishment of a lien against all the moneys of Chas. C. Bellar Company on hand with the State Highway Department at date of notification, Huddleston & Work v. Kennedy, supra, or merely to the extent of a lien on the unpaid balance due defendant Gunn, Smith v. Texas Co., Tex.Com.App., 53 S.W. 2d 774, it seems to us that defendant Bellar Company must, of necessity, be a party to any judgment determining the rights of plaintiff or of defendant Gunn (and incidentally its own rights) in and to the subject matter impounded. The State Highway Department could hardly be required to pay out to plaintiff any part of the fund under the judgment contemplated by the statute, without the presence therein of every one whose interest is directly affected by such recovery. Chas. C. Bellar Company is therefore a necessary party to the remedy plaintiff is prosecuting relative to the aforesaid fund, in order to afford effective relief; the suit being concededly maintainable in Dallas County against defendant Gunn. Pioneer Building & Loan Ass'n v. Gray, Sup.Ct. adopted, 132 Tex. 509, 125 S.W.2d 284; Jones-Yates Co. v. Harrison, Tex.Civ.App., Dallas, 96 S.W.2d 238. "All parties having or claiming an interest in the debt or property due or held by the garnishee should be made parties to the garnishment proceedings, in order that the judgment obtained against the garnishee may be a complete defense in his behalf to subsequent actions to recover the same debt or property." 28 C.J. p. 207, Sec. 259.

We conclude that the trial court erred in sustaining the venue pleas under discussion and in transferring the cause to Chambers County. Said order is therefore reversed and judgment is here rendered, overruling the pleas of privilege heretofore filed by Chas. C. Bellar, E. L. Nolte and F. H. Carpenter, Jr.

Reversed and rendered.