**DE MONTEL v. BRANCE.**

No. 11190.

Court of Civil Appeals of Texas. Galveston.

May 15, 1941.

White & Flock, of Tyler, for appellant.

Ernest H. Folk and Woodul, Arterbury & Folk, all of Houston, for appellee.

GRAVES, Justice.

This statement, found to be correct, has been taken from the appellee's brief:

"This was a suit by appellee, J. D. Brance, against appellant, Monty de Montel, W. B. Jones, and the Texas Highway Department, in which plaintiff alleged that plaintiff, J. D. Brance, and defendant, W. B. Jones, resided in Harris County, Texas, Monty de Montel, defendant, resided in Smith County, Texas, and the Texas Highway Department was domiciled in Travis County, Texas; that defendant, W. B.

Jones, borrowed Two Hundred ($200.00) Dollars from plaintiff Brance on or about May 3, 1939, agreeing to repay plaintiff within a reasonable time on demand; that thereafter during the first part of January, 1940, the defendant, W. B. Jones, represented to plaintiff that he, Jones, had a sub-contract from defendant, Monty de Montel, to furnish trees and shrubs and do land-scaping work upon a Texas Highway Department job in Sabine County, Texas, upon which defendant, Monty de Montel, was general contractor; that he, Jones, did not have sufficient money to finish such sub-contract and that if plaintiff would furnish him sufficient money to complete such sub-contract that he, Jones, would repay plaintiff out of the money he was to receive from defendant, Monty de Montel. That the plaintiff thereupon called defendant, Monty de Montel, long distance and was advised by defendant, Monty de Montel, that defendant Jones did have such a sub-contract under him and that Jones would have about $1,600 or more coming to him when he finished the job; that plaintiff then told defendant, de Montel, that Jones had requested the plaintiff to advance him some money with which to complete said sub-contract and asked de Montel if he would protect him by remitting all moneys due to Jones directly to plaintiff, if he financed Jones, and that de Montel told plaintiff to go ahead and finance Jones and he, de Montel, would protect plaintiff by paying directly to plaintiff all money due or to become due from him to Jones. That relying upon such promise, the plaintiff advanced various sums to Jones, totalling $641.80 between January 4 and January 31, 1940, which was used by Jones in performing his sub-contract. That on February 3, 1940, Jones requested further advances from plaintiff and before making them, plaintiff requested and obtained from Jones a written assignment of all moneys and rights due or to become due to him under such sub-contract; that after the execution of such assignment to plaintiff on February 3, 1940, and before any further sums were advanced by plaintiff to Jones, plaintiff again called de Montel by long distance telephone, told him of the assignment and obtained assurances from de Montel that he could continue to finance Jones and he, de Montel, would remit all sums directly to plaintiff. That thereafter plaintiff advanced to defendant Jones between February 3, 1940, and February 9, 1940, the additional sum of $523.60, relying upon such assignment and de Montel's promise to recognize it and remit directly to plaintiff.

"Plaintiff further alleged that defendant Jones completed his sub-contract prior to March 13, 1940, and that there became due from de Montel under such sub-contract a sum in excess of $1,365.40, which was the amount of plaintiff's advances to Jones, but that defendant, de Montel, had failed and refused to pay plaintiff such sum or any part thereof.

"Plaintiff further alleged that by reason of such facts, plaintiff became subrogated to all rights of defendant Jones, including the right to a lien upon the funds remaining in the hands of defendant, Texas Highway Department, owing to defendant, Monty de Montel, under the provisions of Arts. 5472a, 5472b, and 6674m, of the Revised Civil Statutes of Texas; that plaintiff had taken the required steps to fix such lien upon the funds remaining in the hands of the Texas Highway Department, and was entitled to foreclose his lien upon such funds, wherefore plaintiff prayed for a judgment jointly against defendants Jones and de Montel and for foreclosure of his lien against the funds in the hands of the Texas Highway Department still unpaid to de Montel under his said road contract.

"On June 1, 1940, defendant, Monty de Montel, filed his plea of privilege to be sued in Smith County. Thereafter, within the time provided by law, on June 21, 1940, plaintiff filed his controverting affidavit, duly verified, alleging in detail all of the facts alleged in his amended petition and further that because of such facts, both defendants, Monty de Montel and W. B. Jones, were necessary and proper parties to the suit, that defendant Jones was at the time of the filing of such suit and at all times since a bona fide resident of Harris County, Texas, and that under subdivisions 4 and 29a of the venue statute (Art. 1995) venue as to both of said defendants was properly laid in Harris County, Texas.

"On August 1, 1940, defendant de Montel's plea of privilege was heard and overruled by the trial court, from which order defendant Monty de Montel has brought this case up on appeal."

In this court appellant, without citing supporting authority for any one of them, advances these propositions as the basis for a prayed-for reversal:

"I. Inasmuch as the allegation, if any, against W. B. Jones is purely and simply for money loaned to which transaction ap-

pellant was not, and never became, a party and the allegation against appellant is upon a separate and independent promise to pay certain moneys owing to Jones direct to appellee with which promise Jones was in no way connected, the judgment of the court overruling appellant's plea of privilege was error and therefore should be set aside.

"II. Inasmuch as appellee failed to anywhere allege that he advanced money to defendant, W. B. Jones, relying upon defendant, W. B. Jones, to repay the same and on the contrary specifically alleged in every instance that the money was advanced to defendant, W. B. Jones, relying upon appellant to pay certain moneys owing to W. B. Jones directly to appellee, the judgment of the court overruling appellant's plea of privilege was error and therefore should be set aside.

"III. Inasmuch as the only connection sought to be established between the two promises, if any, of defendant Jones and appellant for the purpose of making them jointly liable or properly suable jointly, was the effort to establish the promise of appellant as a guaranty for the debt of Jones, and inasmuch as said promise of appellant was unquestionably oral and in violation of the Statute of Frauds for such purpose of guaranty, the judgment of the court overruling appellant's plea of privilege was error and should be set aside."

Under the record brought up, none of these presentments can be sustained; to the contrary this opposing contention of the appellee is determined to embody the law of the case, as the facts and authorities cited thereunder make manifest:

"The trial court properly overruled defendant Monty de Montel's plea of privilege, because plaintiff alleged a good cause of action against defendant, W. B. Jones, which was so intimately connected with his cause of action against defendants, Monty de Montel and the Texas Highway Department, that the three were properly joined under subdivision 4 of the venue statute (R.S.Article 1995) in order to avoid a multiplicity of suits; the joinder of all three of such parties in one suit being absolutely necessary in order for plaintiff to obtain the complete relief to which he is entitled under the law." Article 6674m of Vernon's Ann. Civil Statutes of Texas; Article 5472a; Article 5472b; Southern Surety Co. v. First State Bank, Tex.Civ. App., 54 S.W.2d 888; Martin-Glover Co. v. Mays, 5 Cir., 74 F.2d 104; Crane Co. v. Chas. C. Bellar Co., Tex.Civ.App., 135 S.W.2d 167; Wood v. Fondren, Tex.Civ. App., 131 S.W.2d 1070, 1071; Hull v. First Guaranty State Bank, Tex.Civ.App., 199 S.W. 1148, 1149; First National Bank v. Neel, Tex.Civ.App., 10 S.W.2d 408; First National Bank v. Sanford, Tex.Civ.App., 228 S.W. 650; People's State Bank v. National Bank of Commerce, Tex.Civ.App., 267 S.W. 992, 995; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Oakland Motor Co. v. Jones, Tex. Civ.App., 29 S.W.2d 861.

A résumé of the controlling facts shown may be thus made: in addition to his own pleadings, plaintiff offered testimony showing that defendant Jones resided in Houston, Harris County, Texas, at all times material to this suit; that plaintiff had loaned defendant Jones $200 on May 3, 1939, which Jones agreed to repay within a reasonable time, and that same had never been repaid; that during the early part of January, 1940, defendant Jones asked plaintiff to finance this highway subcontract under de Montel; that plaintiff called defendant, Monty de Montel, by long distance telephone and was advised by de Montel that Jones had such subcontract and that he, de Montel, would remit all payments thereon directly to plaintiff; that plaintiff financed such subcontract by advances by checks, dated January 4, 1940, in the amount of $25, January 19, 1940, in the amount of $25, January 19, 1940, in the amount of $256.80, January 22, 1940, in the amount of $250, January 31, 1940, in the amount of $75; that plaintiff had a further conversation by long distance telephone with defendant, de Montel, on February 3, 1940, at which time defendant, de Montel, told plaintiff that he had paid Jones about $400 or $500, but that he would not pay Jones any more money but would remit it directly to plaintiff; that he, plaintiff, confirmed such conversation by letter to defendant, de Montel, the same day; that thereafter plaintiff advanced further sums to defendant Jones, which was used by Jones on such subcontract as follows: (Amounts omitted)

That plaintiff had taken a written assignment from defendant Jones for all money he had coming to him from Monty de Montel on February 3, 1940, which was introduced in evidence; that neither W. B. Jones nor Monty de Montel had ever paid any of such money or advances back to

plaintiff; that all of the money advanced by plaintiff to defendant Jones except the first two advances of $200 and $35, respectively, were made after defendant de Montel had promised to remit all money directly to plaintiff in exchange for plaintiff's financing W. B. Jones and upon the strength of such promise; that he was relying upon three sources to get back his advances, to-wit, the Highway Department, defendant Monty de Montel, and defendant Jones.

The plaintiff further introduced in evidence a letter dated March 8, 1940, from defendant Monty de Montel to plaintiff, J. D. Brance, reading as follows:

> "Monty de Montel
> "Contractor
> "Phone 5188
> "704 West Third
> "Tyler, Texas.
> "March 8, 1940.
>
> "Mr. J. D. Brance
> "Houston, Texas.
> "Dear Mr. Brance:
> "Replying to your letter of March 8th, and the enclosed assignment from the Park Nurseries.
>
> "Mr. Jones has on five different occasions called me over long distance stating that for first one reason and then another, he had to have some money. Rather than shut my job down, I complied with those requests, which total $994.96. He has a total of $326.29 due him as soon as he completes his contract and furnished me with an affidavit to the effect that he has been paid in full. When that has been taken care of, I shall be glad to comply with the request to send balance to you.
>
> "Very truly yours,
> "(Signed)   Monty de Montel
> "Monty de Montel."

█ The facts stated, by virtue of bringing the transactions here involved within the purview and operation of cited Vernon's Ann.Civ.St.Articles 6674m, 5472a, and 5472b, make this cause a counterpart of that ruled upon in Crane Co. v. Chas. C. Bellar Co., supra; that is, the controlling facts in that cause were in no material respects different in legal effect from those here obtaining, hence that decision, which this court fully approves, forecloses this controversy against the appellant's contentions and renders further discussion of it beyond the requirements. In other words, those statutes provided a method of impounding, by a sort of special garnishment, such funds as were thus due this appellee by the appellant in the hands of the Highway Department, just as if he had been a contractor or laborer who had furnished the labor, material, or equipment that went into the public highway improvements, instead of the money that was used in carrying them out; indeed, in the cited cases of Southern Surety Co. v. First State Bank, and Martin-Glover Co. v. Mays, it was specifically held that such a remedy as the Crane Company case so applied was available to one like this appellee, who had furnished the money to be used upon such a contract by the subcontractor.

█ Moreover, this appellee having taken all the required steps necessary for fixing such a lien or garnishment-right in his own behalf upon the funds of appellant in the hands of the Highway Department, obviously could not have obtained the relief that thereby inured to him—that is, a judgment for the funds so advanced by him and used on the road-improvement contract —against both Jones and de Montel, together with a foreclosure of such lien— or the maturing of such impounding-right, as against the de Montel funds in the Highway Department's hands, without the presence in the suit of all three of the parties necessarily concerned, to-wit, appellee, on the one hand, and de Montel and Jones, upon the other. So that, as indicated, the Crane case is considered to be analogous and controlling, the only distinction between its facts and those here, which is not regarded as a material difference at all, being that there venue was properly laid in Dallas County, because the plaintiff had a written contract with the subcontractor performable in the county of the suit (pursuant to Subdivision 29a), whereas, in this instance, the venue was properly laid in Harris County, because this subcontractor, Jones, resided in that county, thereby bringing this suit directly within the purview of Subdivision 4 of the venue statute.

In this connection, this was not a suit by a transferee or assignee of a note or chose in action upon any such transferred right, but, as already recited, was one under the cited statutes, Vernon's Ann.Civ.St.Articles 6674m, 5472a, and 5472b; neither was this suit brought "in any other county than that in which * * * suit could have been prosecuted if no assignment or transfer had been made."

The holdings in the Hull, Neel, Sanford, and People's State Bank cases, cited supra, make clear that, in the circumstances here existing, "the 1913 proviso amendment" to Subdivision 4 of Article 1995, did·not render that subdivision unavailable to this appellee.

█ Lastly, the recently reiterated rule is now firmly established that where two or more defendants are sued in the county where one of them resides, it is only necessary for the plaintiff—to properly establish venue in the county of the suit—to do these two things: (1) allege a good joint or closely related cause of action against each of the defendants, and (2) prove a prima facie case against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.